WILLIAM H. KELLOGG *et al.*, Partners as CHARLES B. KELLOGG & Co., Appellants, v. COLLIN MORGAN, Respondent.

St. Louis Court of Appeals, May 5, 1891.

The Evidence Considered and *held* to establish a payment of notes by the maker to the payee after the latter had transferred the notes for value and the maker had notice of the transfer, and, therefore, to constitute no defense to an action on the notes by the transferee against the maker.

*Appeal from the Dunklin Circuit Court.*—HON. JOHN
G. WEAR, Judge.

REVERSED AND REMANDED ( *with directions* ).

THOMPSON, J.—This was an action upon four prom-
issory notes by the indorsees of the same against the
maker. The answer admits the execution of the notes,
but sets up as a defense that the defendant, prior to the
institution of the suit, had paid them to the original
payee, without notice of their assignment. The evi-
dence showed without dispute that the notes were
assigned by the original payee to these plaintiffs before
maturity, in consideration of another debt, evidenced
by two promissory notes of the payee and his wife to
these plaintiffs. The notes were sent by the original
payee to these plaintiffs in a letter, in which he did not
state whether he sent them in payment or as collateral
security for the indebtedness which he owed them, evi-
denced by the former notes. They, however, replied,
accepting them as collateral security, which letter the
payee claims never to have received. Afterwards, one
of these notes becoming due, the plaintiffs sent it to
Fuller Ballard, the original payee, for collection. He
endeavored to collect it without success, and thereafter
returned it to the plaintiffs. All this is shown by cor-
respondence which is put in evidence, and which is not
questioned. It is undisputed that the defendant, when
he paid these notes to Fuller Ballard, the original
payee, had notice that they had been assigned. It may
be added, that, in point of fact, the notes were negoti-
able ; so that, if they had been described in the petition
as negotiable instruments, it would have been an imma-
terial issue whether the defendant had this notice or
not.

The theory of the defense, in so far as it has any
theory, seems to be that the notes were sent by Fuller
Ballard to the plaintiffs *in payment* of his indebtedness

to them ; that the plaintiffs never accepted them in payment, and consequently that they remained the property of Fuller Ballard, and that he had the right to accept payment of them from defendant, and that such payment exonerates the defendant. The evidence utterly fails to substantiate this defense. Fuller Ballard indeed testifies that he sent them in payment ; but in view of the fact that the entire transaction is evidenced by his own letter, it must be regarded that this statement of his is the statement of a mere assumption or conclusion on his part, and not evidence in the face of his letter. This letter shows that he neither sent them in payment nor as collateral security by any definite expression ; but that he merely turned them over to the plaintiffs as the only assets which he had. This merely shows that Fuller Ballard parted with the notes to the plaintiffs upon a good consideration, and whether in payment or as collateral security for his previous indebtedness to them, is wholly immaterial to the rights of this defendant. It may raise a question as between the plaintiffs and Fuller Ballard, but with this defendant has nothing to do. Upon the undisputed evidence, these plaintiffs are the lawful holders of the notes, and were such at the time when the defendant paid them to Fuller Ballard, and, consequently, when he paid them, he so paid them in his own wrong, or rather did not pay them at all. We need not go into the declarations of law which were given and refused by the court, because the evidence shows no defense whatever to the action, and the plaintiffs are entitled to judgment upon the record.

It is ordered that the judgment of the circuit court be reversed and the cause remanded, with directions to that court to enter judgment in favor of the plaintiffs upon the notes according to their tenor. All the judges concur.